**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK BEAUCHAMP JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 25-2445-JWB-BGS |

**SCHEDULING ORDER**

The Court set a scheduling conference in accordance with Fed. R. Civ. P. 16 for October 22, 2025. Plaintiff Jack Beauchamp, Jr. appeared through counsel Benjamin Narrell. Defendant The Lincoln National Life Insurance Company did not appear.[1] Following is a brief summary of the nature of the case:[2]

> This is an action for unpaid benefits under the Employee Retirement Income Security Act (ERISA). Jurisdiction is based on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Plaintiff claims that he was wrongfully denied disability benefits and that

---

[1] The Court originally set the scheduling conference for October 15, 2025. Plaintiff's counsel called in; however, counsel for Defendant Lincoln National Life Insurance Company did not. *See* Doc. 10. As a result, the Court cancelled the conference and rescheduled it for October 22, 2025. *Id.* Plaintiff's counsel appeared, but defense counsel, again, failed to appear. The undersigned had a brief exchange with Plaintiff's counsel solely for scheduling and administrative purposes. *See* Model Code of Jud. Conduct r. 2.9 (Am. Bar Ass'n 2020) (permitting communication for scheduling, administrative, or emergency purposes, which does not address substantive matters). Plaintiff was informed that the Court intends to enter a schedule. Nothing substantive was discussed, and the undersigned does not believe any party gained a procedural, substantive, or tactical advantage. This shall serve as notice of the exchange and defense counsel may respond if necessary. *See id.* r 2.9(A)(1)(b).

[2] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

Defendant breached its fiduciary duty to him. Defendant contends that its determination was reasonable and proper, was supported by substantial evidence in the administrative record and was not arbitrary and capricious, and that there was no breach of fiduciary duty.

The Court enters this scheduling order, which incorporates portions of the parties' proposed schedule (which served as the parties' report under Rule 26(f)), summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to the Court | **N/A** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **N/A** |
| Rule 26 document exchange | **October 31, 2025** |
| Defendant to produce administrative record to Plaintiff | **November 7, 2025** |
| Plaintiff's settlement proposal | **November 12, 2025** |
| Defendant's settlement counter-proposal | **November 26, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **December 10, 2025** |
| Comparative fault identification | **N/A** |
| Motions to amend | **November 24, 2025** |
| Mediation completed | **February 27, 2026** |
| Experts disclosed | **N/A** |
| Physical and mental examinations | **N/A** |
| Rebuttal experts disclosed | **N/A** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **February 27, 2026** |
| Proposed pretrial order due | **March 27, 2026** |
| Pretrial conference | **April 8, 2026 at 9:30 a.m.** |

| | |
|---|---|
| Potentially dispositive motions (e.g., summary judgment) | **April 27, 2026** |
| Motions challenging admissibility of expert testimony | **N/A** |
| Trial — 1-3 days | **T/B/D** |

**1. Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court determined that settlement potentially would be enhanced by early mediation. Toward that end, Plaintiff must submit a good-faith settlement proposal to Defendant by **November 12, 2025**. Defendant must make a good-faith counter-proposal by **November 26, 2025**. By **December 10, 2025**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the Court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the Court, **mediation is ordered** no later than **February 27, 2026**. Defense counsel must file an ADR report within 14

days after any scheduled ADR process, using the form on the Court's website: http://www.ksd.uscourts.gov/adr-report/.

**2. Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **October 31, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **February 27, 2026**.

**c.** The parties agree that principles of comparative fault do not apply.

**d.** The parties have stipulated that no expert testimony will be used.

**e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The administrative record includes printed copies of electronically stored documents, which will be produced in pdf format. No other discovery of ESI is anticipated. If Plaintiff desires that Lincoln produce ESI with respect to any specific document, that will be addressed on a case-by-case basis.

**g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that any material inadvertently produced or disclosed, to which a party claims a privilege within 30 days after the inadvertent production or disclosure, will be returned upon written request for return and the parties' agreement regarding the protected nature of the documents. If the parties do not reach agreement, the party claiming the privilege shall seek protection from the Court within ten days of written notice from that party opposing the claim of privilege. A pre-motion conference pursuant to D. Kan. Rule 37.1(a) is required prior to filing a motion on this matter.

**h.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**i.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 24, 2025**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 27, 2026**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the Court's website: *https://ksd.uscourts.gov/file/326*.

**d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The Court will typically grant the request and contact the parties to arrange the conference within a few days. The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the Court, no disputed discovery-related motion,

material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**e.** To avoid unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 8, 2026, at 9:30 a.m.** by telephone (316-402-0044; conference ID number 485 069 538). The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **March 27, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect that this case will be resolved through motions for summary judgment. If a trial is necessary, the parties expect the non-jury trial of this case to take approximately 1-3 trial days. The Court will subsequently set this case for trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the Court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated October 22, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge